**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Allen Rod Tongco Andrade,<br><br>          Petitioner,<br><br>vs.<br><br>Janet Napolitano, et al.,<br><br>          Respondents. | No. CV-12-01155-PHX-PGR (MEA)<br><br>ORDER |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Aspey (Doc. 14) notwithstanding that no party has filed any objections to the Report and Recommendation, the Court finds that the Magistrate Judge correctly determined that this habeas action, filed pursuant to 28 U.S.C. § 2241(c)(3) on May 30, 2012, should be dismissed without prejudice because the petitioner filed it prior to exhausting his administrative remedies.

The petitioner, a citizen of the Philippines who is the subject of a removal order, has been in immigration custody since late 2010; his appeal of the removal order is currently before the Ninth Circuit. The petitioner alleges in his habeas petition that he is being illegally detained because he has not been given a hearing on his eligibility for release on bond and that his due process rights are being

violated due to a statutory requirement mandating his detention without any possibility of being released on bond pending a final decision in his removal proceeding.

The respondents argue in part that the petition is moot because the petitioner has in fact received two bond hearings before an immigration judge, one on January 5, 2012, prior to the filing of this action, and one on June 14, 2012, after the filing of this action. In both cases, the immigration judge determined that no change in the petitioner's custody status was warranted because the petitioner is a flight risk and a danger to the community. The respondents further argue that even if this action is not moot, due to the petitioner's arguments that he is entitled to be released on bond because the government failed to properly establish that he is dangerous or a flight risk, the petition should be dismissed on the ground that the petitioner has not exhausted his administrative remedies regarding the immigration judge's decisions that the petitioner should remain detained.

The Court need not resolve the mootness issue because the Court agrees with the Magistrate Judge that the petitioner has not exhausted his administrative remedies with regard to either detention hearing order inasmuch as the record establishes that the petitioner did not appeal the first order to the Bureau of Immigration Appeals, and that while he did appeal the second order to the BIA, that appeal was still pending before the BIA when this action was commenced.

Under the prudential exhaustion rule applicable to this action, the petitioner may not pursue habeas relief in this Court challenging the propriety of his continued detention until after the BIA has rendered its decision on his administrative appeal. Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss

the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Id.* The Court agrees with the Magistrate Judge that dismissal is warranted here because the petitioner has not established any grounds for staying this action or excusing the exhaustion requirement.[1] The Court further agrees with the Magistrate Judge that no ruling on the issuance of a certificate of appealability is required because this action arises under 28 U.S.C. § 2241. Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc.14) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody is denied and that this action is dismissed without prejudice. The Clerk of the Court shall enter judgment accordingly.

DATED this 22nd day of April, 2013.

Paul G. Rosenblatt
United States District Judge

---

[1] To the extent that the petitioner has now exhausted his administrative remedies, he may file a new habeas action challenging the BIA's decision denying bond. Leonardo, at 1161.